UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAYMOND SERIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-3177 |
| | ) | |
| PATRICK QUINN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se and currently incarcerated in the Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging various claims against 18 defendants, including Governor Patrick Quinn, while housed at the Stateville Correctional Center. The Stateville Correctional Center is located in Joliet, Illinois. Joliet, Illinois is in the Northern District of Illinois. Therefore, this case will be transferred to the Northern District of Illinois for further merit review.

**IT IS THEREFORE ORDERED:**

1.      The clerk is directed to transfer this matter to the Northern District of Illinois for further proceedings.

2.      This case is terminated.

Entered this 16th day of July, 2015.

/s/ Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE